AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of Ohio, Eastern Division |
|---|---|

| Name (under which you were convicted):<br><br>VINCENT HOWARD | Docket or Case No.: |
|---|---|

| Place of Confinement :<br><br>Noble Correctional Institution | Prisoner No.:<br><br>A794708 |
|---|---|

| Petitioner (include the name under which you were convicted) | | Respondent (authorized person having custody of petitioner) |
|---|---|---|
| VINCENT HOWARD | v. | WARDEN, JAY FORSHEY |

| The Attorney General of the State of: |
|---|

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Court of Common Pleas of Cuyahoga County, Ohio

   1200 Ontario Street

   Cleveland, Ohio 44113

   (b) Criminal docket or case number (if you know): CR-20-652446

2. (a) Date of the judgment of conviction (if you know): 08/09/2022

   (b) Date of sentencing: 09/15/2022

3. Length of sentence: 15-17.5 years

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Rape (3 counts), Ohio Revised Code section 2907.02(A)(2), first-degree felonies

   Gross Sexual Imposition (1 count), Ohio Revised Code section 2907.05(A)(1), fourth-degree felony

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty          ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty              ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to?   Howard pled not guilty to all charges.

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

    ☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:   Eighth Appellate District Court of Appeals, Cuyahoga County, Ohio

(b) Docket or case number (if you know):   CA-22-112024

(c) Result:   All convictions were affirmed.

(d) Date of result (if you know):   10/26/2023

(e) Citation to the case (if you know):   State v. Howard, 2023-Ohio-3870

(f) Grounds raised:   See Supplement in Support of Petition, attached hereto and incorporated herein by
this reference.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   The Supreme Court of Ohio

(2) Docket or case number (if you know):   2023-1576

(3) Result:   The Court declined to accept Howard's discretionary appeal. Accordingly, the
Court did not address the merits of his appeal.

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 02/20/2024

(5) Citation to the case (if you know): 173 Ohio St.3d 1404, 227 N.E.3d 1267, 2024-Ohio-555

(6) Grounds raised: See Supplement in Support of Petition, attached hereto and

incororated herein by this reference.


(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A


(3) Date of result (if you know):

(4) Citation to the case (if you know): N/A

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Court of Common Pleas of Cuyahoga County, Ohio

(2) Docket or case number (if you know): CR-20-652446

(3) Date of filing (if you know): 12/08/2023

(4) Nature of the proceeding: Motion to Vacate or Set Aside Judgment of Convictions

(5) Grounds raised: See Supplement in Support of Petition, attached hereto and incorporated

herein by this reference.


(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: No result; Motion remains pending in the trial court.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:   None filed. _____

    (2) Docket or case number (if you know):   N/A _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding:   N/A _____

    (5) Grounds raised:   N/A _____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes   ❏ No

    (7) Result:   N/A

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:   None filed. _____

    (2) Docket or case number (if you know):   N/A _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding:   N/A _____

    (5) Grounds raised:   N/A _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes    ❑ No

(7) Result:    N/A

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ❑ Yes    ☑ No

(2) Second petition:    ❑ Yes    ❑ No

(3) Third petition:    ❑ Yes    ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

As of the date of the filing of this habeas Petition, the trial court has taken no action on the Motion to

Cacate or Set Aside Judgment of Convictions, and, accordingly, no appeal rights are available.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Howard was denied a fair and impartial trial, in violation of his due process rights as a consequence of prosecutorial misconduct . . .

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Supplement in Support of Petition, attached hereto and incorporated herein by this reference.

(b) If you did not exhaust your state remedies on Ground One, explain why:    Howard has exhausted all his state remedies on Ground One.

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:   N/A

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   N/A

    Name and location of the court where the motion or petition was filed:   N/A

    Docket or case number (if you know):   N/A

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):   N/A

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:   N/A

    Docket or case number (if you know):   N/A

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):   N/A

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

  N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:  None, other than those described above.

**GROUND TWO:**                    Howard was denied a meaningful opportunity to present a complete defense and

denied effective assistance counsel, when the trial court unreasonably refused to grant a trial continuance . . .

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Supplement in Support of Petition, attached hereto and incorporated herein by this reference.

(b) If you did not exhaust your state remedies on Ground Two, explain why:  Howard has exhausted all his state

remedies on Ground Two.

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes      ☐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:  N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        N/A

Name and location of the court where the motion or petition was filed:  N/A

Docket or case number (if you know):  N/A

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     N/A

(3) Did you receive a hearing on your motion or petition?                        ❏   Yes      ❏   No

(4) Did you appeal from the denial of your motion or petition?                   ❏   Yes      ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes      ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :   None, other than those described above.

**GROUND THREE:**     None.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

(c)    **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❒  Yes    ❒  No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒  Yes    ❒  No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?    ❒  Yes    ❒  No

    (4) Did you appeal from the denial of your motion or petition?    ❒  Yes    ❒  No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❒  Yes    ❒  No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐  Yes    ❐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ❐  Yes   ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion or petition?    ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?  ☑ Yes    ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:   N/A

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

Both Grounds raised in this Petition were presented in state court.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐    Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.   N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ☑    Yes    ☐  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.     See responses to Question 11 above. Filed in the Court of Common Pleas, Cuyahoga County,

Ohio; Case No.  CR-20-652446; Motion to Vacate or Set Aside Judgment of Convictions; ineffective

assistance of counse for failing to present evidence and trial court's refusal to grant a trial continuance.

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    None.

(b) At arraignment and plea:    Thomas E. Shaughnessy, 11510 Buckeye Road, Cleveland, OH 44104

(c) At trial:    Jocelyn Conwell, 13940 Cedar Road, #277, Cleveland, Ohio 44118

(d) At sentencing:    Jocelyn Conwell, 13940 Cedar Road, #277, Cleveland, Ohio 44118

(e) On appeal:    Charles A. Koenig, 4669 North High Street, Columbus, Ohio 43214

(f) In any post-conviction proceeding:    Gregory Scott Robey, 14402 Granger Road, Cleveland, Ohio 4413

(g) On appeal from any ruling against you in a post-conviction proceeding:   None.

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?         ☐  Yes    ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?         ☐  Yes    ☐  No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This Petition is timely filed, prior to expiration of the statute of limitations.

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   That this Court issue a writ of habeas corpus to

have Petitioner Vincent Howard brought before this Court, for the purpose of discharging him from his unconstitu-

tional confinement and restraint, and to grant an evidentiary hearing as may be appropriate,

or any other relief to which petitioner may be entitled.


/s/ Charles A. Koenig (Ohio Sup. Ct. No. 0018358)

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

This Petition is being signed on behalf of the Petitioner by the Petitioner's attorney.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**Eastern Division**

| | |
|---|---|
| **VINCENT HOWARD,** | : |
| **Inmate No. A794708,** | : |
| | : |
| **Petitioner,** | : |
| | : |
| **v.** | : |
| | : |
| **WARDEN, Jay Forshey,** | : |
| | : |
| **Respondent.** | : |

---

**SUPPLEMENT**
**TO**
**PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner, Vincent Howard, hereby submits the following responses to supplement Form AO 241, Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus:

**Question 9(f) - Grounds raised on direct appeal of trial court convictions:**

1. In Howard's direct appeal to the Eighth Appellate District Court of Appeals, Cuyahoga County, Ohio, Case No. CA-22-112024, he raised the following assignments of error as grounds for his appeal:

I. The trial court abused its discretion by denying defense motions for a continuance of the trial, thereby denying appellant a meaningful opportunity to present a complete defense which denied him effective assistance of counsel in violation of his rights under the due process clauses of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I, of the Ohio Constitution.

II. Appellant was deprived of his constitutional rights to due process in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, as a consequence of the state's prosecutorial misconduct.

III. Appellant's convictions were not supported by sufficient evidence and were against the manifest weight of the evidence in violation of his rights under the due process clauses of

the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

2.     The Court of Appeals affirmed Howard's convictions in an opinion released on October 26, 2023, in *State v. Howard*, 2023-Ohio-3870 ("Appellate Court Opinion").  (Attached hereto as App'x, Ex. A.)

**Question 9(g)(6) - Grounds raised on appeal of Eighth Appellate District decision:**

3.     In Howard's request to the Ohio Supreme Court to accept his jurisdictional appeal, Howard submitted a Memorandum in Support of Jurisdiction in which he raised the following propositions of law as grounds in support of his appeal:

I. Prosecutorial Misconduct Which Damages the Credibilty of a Defendant, Denies the Defendant a Fair and Impartial Trial and Violates His Constitutional Rights to Due Process and Equal Protection, in Cases Where the Only Evidence of an Offense is the Testimony of the Accuser, and a Court of Review May Not Conclude, in View of the Prosecurial Misconduct, That the Accuser's testimony is Sufficient to Satisfy Element of the Offense.

II. A Trial Court Abuses its Discretion and Denies a Defendant a Meaningful Opportunity to Present a Complete Defense in Violation of His Sixth Amendment Rights, When it Rejects a Defendant's Reasonable Request for a Trial Continuance Necessary to Permit the Defendant to Obtain Evidence Essential to His Defense.

III. Mere Disparities Between the Accused's and the Accuser's Physical Sizes, and Conduct Normally and Naturally Taking Place During Sexual Encounters, is Insufficient to Satisfy the Element of "Force," as Required Under Ohio's Rape and Gross Sexual Imposition Statutes.

4.     The Ohio Supreme Court declined Howard's discretionary appeal in an Entry filed February 20, 2024, in *State v. Howard*, Case No. 2023-1576.  (Attached hereto as App'x, Ex. B.)

**Question 10 - Supplemental information regarding Petitioner's post-conviction motion:**

5.     A Motion to Vacate or set Aside the Judgment of Convictions ("Post-Conviction Motion") was filed in the trial court on Howard's behalf on December 8, 2023, by attorney Gegory Scott Robey.

6.     The Post-Conviction Motion asserted two grounds for relief:

I. Ineffective assistance of trial counsel in failing to obtain and present medical records establishing that petitioner suffered from erectile dysfunction disorder.

II. Petitioner was denied due process of law when the trial court refused to grant a continuance of trial to allow the defense to obtain necessary medical records establishing petitioner suffered from erectile dysfunction disorder.

7.      On December 12, 2023, the State filed a Combined Response and Motion for Summary Judgment to Howard's Post-Conviction Motion, and also filed Proposed Findings of Facts and Conclusions of Law.  Howard filed a Reply to the State's Response that same day.

8.      As of the date of filing of this habeas Petition, the trial court has taken no action on Howard's Post-Conviction Motion, and it remains pending.

9.      Howard's Post-Conviction Motion does not in any way address Ground One of this habeas Petition, and, at most, it is only tangentially related to Ground Two of this habeas Petition.

10.      Petitioner has exhausted all of his state remedies with respect to the two Grounds raised in this habeas Petition, and the statute of limitations for seeking habeas relief with respect to those Grounds will soon expire under 28 U.S.C. § 2244(d)(1).  Accordingly, in view of the trial court's failure to take any action on Howard's Post-Conviction Motion, and to preserve his federal habeas rights, Howard herewith submits this Petition for Writ of Habeas Corpus prior to the expiration of one year following the date his judgment of convictions became final on the two Grounds raised herein.

**Question 12 - Grounds in Support of Petition for Writ of Habeas Corpus:**

**GROUND ONE:  Howard was denied a fair and impartial trial, in violation of his due process rights, as a consequence of prosecutorial misconduct, and the state court's rejection of his prosecutorial  misconduct claim was contrary to or an objectively unreasonable application of clearly established federal precedent.**

**(a) Facts in Support of Ground One:**

11.      Howard's convictions stem from a sexual encounter he had in with a woman, C.S.,

on February 3, 2020, which Howard contends was consensual and C.S. claims was non-consensual. *See* Appellate Court Opinion, App'x Ex. A, at ¶ 2 ("the crux of this case concerns whether this sexual conduct was consensual").

12.     The case against Howard is a classic "he said, she said" dispute, and almost all the evidence in the case consisted of the statements and explanations of Howard and C.S.

13.     Accordingly, the credibility and forthrightness of Howard and C.S. were of paramount importance in order for the jury to determine whose version of the facts to believe.

14.     In order to undermine Howard's credibility and tilt the scales in favor of C.S., the prosecutor engaged in a series of improper questions in his cross-examination of Howard, by asserting allegations in his questions that were fallacious, not in evidence and misleading, in such a manner as to influence the jury with false impressions of the facts, and then by repeating those fallacious statements in closing arguments.

15.     Howard, who testified in his own behalf, asserted that he and C.S. engaged in consensual sex that included kissing, petting and oral sex, but denied having vaginal intercourse with her for the reason that he suffered from erectile dysfunction, rendering him incapable of performing the act under the circumstances of their encounter.  Howard also testified that he did not ejaculate during their sexual encounter and that he ended the sexual encounter when C.S. told him to stop.  Notably, Howard was never questioned about digitally penetrating C.S.

16.     C.S. denied that any part of the sexual encounter had been consensual.  She further testified that Howard had engaged in oral sex and vaginal intercourse with her, but that she did not know if Howard had ejaculated.  Notably, C.S. also was never asked and never testified that Howard digitally penetrated her.

17.     Howard's three rape convictions were for engaging in oral sex, digital penetration

- 4 -

and vaginal intercourse.

18.     C.S. testified that she went to the hospital after the parties' encounter and was interviewed by a sexual abuse nurse examiner ("SANE Nurse") about the assault allegations. The SANE Nurse prepared an 11-page forensic report of the interview, which was admitted in evidence as C.S.'s medical records.

19.     The SANE Nurse testified that C.S. showed no signs of injuries or violence. The SANE Nurse also testified that C.S. declined to undergo the speculum exam that could have indicated the presence of semen on her person. Although the SANE Nurse testified that swab samples had been taken from C.S.'s vagina, no records or other evidence (if any) of the swab samples were introduced at trial, and neither the SANE Nurse nor any other person was questioned about whether Howard's semen was found on C.S.'s person.

20.     The only other evidence introduced by the prosecution was a recording of a phone call the investigating officer arranged for C.S. to initiate with Howard. In the call, Howard can be heard apologizing for having engaged in sexual relations with C.S.

21.     From the foregoing summary of the salient facts of the case, it is clear that the question of whether the sexual encounter has consensual or not was solely dependent on whether the jury believed Howard or C.S.

22.     The SANE Nurse's testimony and her forensic report were nothing more than repeating what C.S. had told her. The recorded phone call was nothing more than Howard expressing remorse for allowing the sexual encounter to go as far as it did, but not for engaging in sex against C.S.'s wishes.

23.     There was no independent evidence corroborating C.S.'s claim that the sexual encounter had been non-consensual, and the jury was thus tasked with having to decide which

party was more credible and, therefore, which party to believe.

24.    The credibility of the parties was, therefore, of utmost importance in deciding Howard's fate, and it is on this issue that the prosecutor engaged in grossly improper conduct which seriously damaged, if not destroyed, Howard's credibility.

25.    In his cross-examination of Howard, the prosecutor asserted that Howard's semen had been found in C.S.'s vagina and on her person, and questioned Howard about how that was possible if he was unable to engage in intercourse.

26.    Defense counsel repeatedly objected to the prosecutor's questions, on the grounds that there were no facts in evidence as to the presence of Howard's semen or DNA.  The trial court repeatedly overruled all of defense counsel's objections.

27.    The effect of the prosecutor asserting those fallacious allegations with such conviction, and the trial court essentially giving its stamp of imprimatur on the prosecutor's conduct, convinced even Howard that his semen must have been discovered on C.S., causing Howard to stammer confusedly in his attempt to offer an explanation.

28.    The jurors heard all of that.  They heard the prosecutor's false statements which belied Howard's claim that he couldn't engage in vaginal intercourse because of his erectile dysfunction disorder and that he hadn't ejaculated.

29.    The jurors heard defense counsel attempt to prevent them from hearing that Howard's semen had been found on C.S.

30.    The jurors heard the trial court being supportive of the prosecutor's conduct.

31.    The jurors heard and observed Howard's fumbling attempts to explain why his semen had been found on C.S., after Howard had been denying that possibility as a key aspect of his defense.

32.     In closing arguments, the jurors again heard the prosecutor remind them that Howard's semen had been found on C.S. and they heard the prosecutor compound that falsehood by claiming that Howard had admitted that he deposited his semen on C.S.

33.     The only plausible outcome of the prosecutor's misconduct was that it influenced the jury to believe C.S. over Howard, it likely inflamed the jurors' passions against Howard for what must have appeared to them to be his attempt to deceive the court by claiming that he was unable to engage in vaginal intercourse with C.S., and it served only to prejudice the jury on the issue of credibility.

34.     It is beyond dispute that the prosecutor's conduct was improper, as the Court of Appeals expressly stated in its Opinion:

> {¶ 64}  In applying the prosecutorial misconduct test to the case at hand, we first find that the prosecutor's conduct in questioning Howard about his DNA and semen that was "found" in C.S.'s vagina was improper. It is unequivocal that the state did not present any evidence concerning Howard's DNA and semen, or anybody's DNA and semen for that matter.
>
> {¶ 65}  We further find that Howard did not admit that his semen or DNA was found in C.S.'s vagina. To take the words of the prosecutor himself, for the state to argue that Howard's semen is in the rape-kit report is "ridiculous." * * *

35.     The Court of Appeals concluded, however, that "[a]lthough we cannot stress enough how improper these unsupported questions and comments were, we are not able to say that they affected the outcome of Howard's trial."  Appellate Court Opinion, App'x Ex. A, at ¶ 67.

36.     The Court of Appeals came to its conclusion because it determined that Howard's convictions were supported by sufficient evidence in the record and were not against the manifest weight of the evidence. *Id.* (citing C.S.'s testimony, the SANE Nurse's testimony of the narrative account that C.S. gave her and the forensic report prepared by the SANE Nurse, as the evidence supporting the convictions).

37.     The Court of Appeals' conclusions were objectively unreasonable because the

- 7 -

evidence against Howard was not sufficiently strong to overcome the prejudice that the prosecutor's comments and questions caused him, and the prosecutor's conduct so infected the trial with unfairness as to make the convictions a denial of due process. *See Davis v. Ayala*, 135 S.Ct. 2187 (2015).

38.     Moreover, the Court of Appeals' analysis of Howard's prosecutorial misconduct claim was contrary to clearly established precedent of federal case law and constitutional safeguards, which require the court to determine whether the improper conduct was so flagrant as to render the entire trial fundamentally unfair (*see, e.g., Darden v. Wainwright*, 477 U.S. 168 (1986); *Broom v. Mitchell*, 441 F.3d 392 (6th Cir.2006)), or, if not flagrant, to find prosecutorial misconduct if the proof against the defendant was not overwhelming, defense counsel objected to the conduct, and the trial court failed to give a curative instruction (*see, e.g., United States v. Abboud*, 438 F.3d 554 (6th Cir.2006)).

39.     Although the Court of Appeals identified the factors to be considered in determining whether the prosecutor's improper conduct was prejudicial, the court failed to engage in the analysis required under clearly established federal precedent. *See* Appellate Court Opinion, App'x Ex. A, at ¶¶ 66-67.

**GROUND TWO:  Howard was denied a meaningful opportunity to present a complete defense and denied effective assistance counsel, in violation of his due process rights, when the trial court unreasonably refused to grant a trial continuance to provide Howard with additional time to obtain medical records essential to his defense, and the state court's rejection of this claim was contrary to or an objectively unreasonable application of clearly established federal precedent.**
**(a) <u>Facts in Support of Ground Two</u>:**

40.     Although based on a different constitutional violation, Howard's second Ground for habeas relief is intertwined with his first.

41.     As discussed above, Howard's defense to the charges of rape and gross sexual

imposition is that his sexual encounter with C.S. was consensual, which C.S. denied.  There was no evidence of a sexual assault that was introduced against Howard, which was not either C.S.'s testimony or evidence derived solely from C.S.'s statements.  Because the case was, for all intents and purposes, a "he said, she said" dispute, the jury's determination would necessarily depend upon which party's version of the encounter  the jury found to be more believable.

42.     Accordingly, the credibility of the participants was of paramount importance to Howard's defense.

43.     The uncontroverted facts in the case revealed that C.S. voluntarily came to Howard's residence the night of the encounter, that C.S. entered Howard's bedroom and sat on his bed of her own volition, that Howard subsequently came into his bedroom and got in his bed, and that C.S. voluntarily climbed into Howard's embrace, , rested her head on his chest and fell asleep with him.  C.S., as well as Howard, both testified to the foregoing facts.

44.     The parties' versions of events diverge after that.  C.S. claimed she awakened to find Howard caressing her breasts and eventually engaging in sexual conduct that included oral sex and vaginal intercourse.  Howard claims that he awoke to C.S. caressing him, and that sexual activity followed, consisting of kissing, petting and oral sex.

45.     Although C.S. testified that she cried during the encounter, she admitted that she neither said nor did anything to inform Howard that she wanted him to cease sexual activity until late in the encounter.  Howard testified that he never observed C.S. crying and that he stopped all sexual activity once C.S. told him to stop.

46.     Howard's theory of defense was based on his belief that C.S. apparently began to regret the sexual encounter while it was taking place, changed her mind and told Howard to stop, and then immediately departed Howard's residence.  For his part, Howard also came to regret the

- 9 -

encounter, and testified that that was the reason for his apology during the recorded phone call with C.S. a week after the encounter.

47.     Howard's theory of defense was further based on his claim that C.S. blamed him for allowing the sexual encounter to occur and that she embellished her description of the encounter when she discussed it with the SANE Nurse, adding her claim that Howard turned her onto her stomach and had vaginal intercourse with her from behind.

48.     Accordingly, a critical aspect of Howard's theory of defense was that C.S. was not being entirely truthful in her description of the sexual encounter, because Howard was incapable of vaginal intercourse due to his erectile dysfunction disorder.  This contradictory aspect of the parties' respective versions of the encounter was critical to Howard's defense, because it demonstrated that C.S. had fabricated that part of her story, which was likely to raise reasonable doubt in the minds of the jurors about whether she was being truthful when she claimed the encounter had not begun as consensual.

49.     In order to buttress that portion of his defense with independent, third-party corroboration, Howard's trial attorney, Joselyn Conwell, engaged a private investigator to identify and procure Howard's medical records of his erectile dysfunction disorder and witnesses who could testify with respect to those records.

50.     The private investigator was unable to identify and obtain all medical records and witnesses by the scheduled trial date, and Ms. Conwell requested a short continuance in order to give the defense additional time to obtain them.

51.     Ms. Conwell made her continuance request during a final pretrial, but the court did not rule on the motion, and on the morning trial was scheduled to commence, Ms. Conwell reiterated her continuance request, at which time the court denied the continuance and the trial

- 10 -

took place.

52.     The prosecutor took advantage of the court's refusal to grant a continuance and Howard's inability to produce medical records corroborating his claim of erectile dysfunctio, as the prosecutor challenged Howard's truthfulness when he asked Howard to explain how his semen could have been found on C.S. if Howard suffered from erectile dysfunction.

53.     As previously noted, defense counsel objected to that questioning by the prosecutor, but the trial court overruled the objections, thereby influencing the jury to conclude that it was Howard who was being untruthful, aggravating the harm caused by the court's unreasonable decision to deny the continuance.

54.     Petitioner acknowledges that a trial court has broad discretion in granting or rejecting continuance requests, and that the determination of whether the court abused its discretion in ruling on continuances is a matter governed by state law.

55.     Notwithstanding the foregoing, the court's discretion is not unfettered and may not deprive a party of his or her constitutional rights and protections.  In Howard's case, the trial court's refusal to grant a short continuance denied Howard a meaningful opportunity to present a complete defense, and, because it prevented his trial counsel from preparing that part of his defense, it further deprived him of effective assistance of counsel.

56.     The Court of Appeals found that the trial court had not abused its discretion in denying the continuance, concluding that if Howard was unable to present a complete defense, it was due to his own dilatory conduct in preparing his defense.  Appellate Court Opinion, App'x Ex. A, at ¶ 75.

57.     The Court of Appeals further found that the court's denial of a continuance did not deprive Howard of effective assistance of counsel, because he did not show that he had been

prejudiced by the failure to present medical records and witnesses of his erectile dysfunction. *Id.* at ¶ 77.

58.     The Court of Appeals conclusions were contrary to or an objectively unreasonable application of clearly established federal precedent. *See, e.g., Crane v. Kentucky*, 476 U.S. 683 (1986); *Ungar v. Sarafite*, 376 U.S. 575 (1964).

59.     While the trial court's decision, in the view of the Court of Appeals, may have fallen within the parameters of state precedent, it did not consider constitutional requirements and federal precedent, which prohibits such state court action where important defense evidence is excluded without serving any legitimate interests or in a manner that is disproportionate to the ends the exclusion allegedly promotes. *See, e.g., Holmes v. South Carolina*, 547 U.S. 319 (2006); *United States v. Reichert*, 747 F.3d 445, 453 (6th Cir.2014).

60.     The Court of Appeals' conclusions failed to identify any legitimate interest that would justify denying Howard the opportunity to present a complete defense, and it failed to consider how disproportionate  the effect of the denial was to any interests the State sought to promote.

Respectfully submitted,

/s/ *Charles A. Koenig*
Charles A. Koenig (0018358)
ckoenig@klattorneys.com
4669 North High Street, Suite D
Columbus, Ohio 43214
Tele: (614) 454-5010
Facs: (614) 454-5030
*Attorney for Petitioner Vincent Howard*