## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT HOWARD, | ) | Case No. 1:25-cv-971 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Reuben J. Sheperd |
| | ) | |
| JAY FORSHEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

In his report and recommendation in this habeas action, the Magistrate Judge recommends that the Court dismiss the petition for a writ of habeas corpus *sua sponte* and without prejudice so that Petitioner may exhaust his remedies in State court. Petitioner did not object to this recommendation.  For the reasons set forth below, the Court **ADOPTS IN PART** the Magistrate Judge's report and recommendation. Specifically, the Court **ADOPTS** the report with respect to the determination that Petitioner presents a mixed petition containing an unexhausted claim.  On this basis, the Court **STAYS** these proceedings pending Petitioner's exhaustion of his claims in State court.

## FACTUAL AND PROCEDURAL BACKGROUND

In the report and recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (ECF No. 15, PageID #1130–41.)  In short, Mr. Howard was convicted of three counts of rape and one count of gross sexual

imposition following a jury trial.  (*Id.*, PageID #1138.)  He was sentenced to an aggregate term of imprisonment of 15 to 17.5 years.  (*Id.*, PageID #1138–39.)

Petitioner unsuccessfully challenged his conviction on direct appeal.  (*Id.*, PageID #1139–40.)  Next, he sought discretionary review, but the Ohio Supreme Court declined to exercise jurisdiction.  (*Id.*)  On direct appeal, Petitioner argued that that prosecutorial misconduct at trial violated his due process rights and that the trial court's denial of a defense motion to continue the trial deprived him of the effective assistance of counsel.  (ECF No. 11-2, PageID #118 & 236.)

Petitioner is currently pursuing collateral review in State court.  (*Id.*; *Ohio v. Howard*, Case No. CR-20-652446-A (Cuyahoga Cnty. Com. P.).)  There, he has raised claims that his trial counsel was ineffective for failing to obtain medical records to support his defense and that the State trial court denied him due process when it denied a continuance that might have allowed defense counsel to obtain the medical records.  (ECF No. 11-2, PageID #300.)  On July 24, 2026, after the State trial court denied him relief on these grounds, Mr. Howard filed a notice of appeal.  *Ohio v. Howard*, Case No. CR-20-652446-A (Cuyahoga Cnty. Com. P. July 24, 2026).

In his federal habeas petition, Petitioner asserts two grounds for federal relief.  (ECF No. 1, PageID #18–27.)  First, he argues that prosecutorial misconduct during trial violated his due process rights.  (*Id.*, PageID #18-23.)  Second, Petitioner claims that he was denied the effective assistance of counsel when the State trial court

2

declined to grant a continuance that might have allowed his counsel to obtain medical records in support of his defense.  (*Id.*, PageID #23–27.)

The Magistrate Judge recommends that the Court dismiss the petition without prejudice to allow Petitioner to exhaust his claims in State court before pursuing federal habeas relief.  (ECF No. 15, PageID #1153.)  Specifically, the Magistrate Judge found that the second claim in Petitioner's petition remains unexhausted because it is "an amalgam of Claims One and Two in his pending state petition." (ECF No. 15, PageID #1150.)  Additionally, the report noted that the petition is a mixed petition containing exhausted and unexhausted claims.  (Id., PageID #1149– 50.)  The Magistrate Judge recommended dismissal because collateral proceedings in State court toll the statute of limitations, which might otherwise bar a future habeas petition.  (*Id.*, PageID #1151.)

The Report and Recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may waive the right to appeal the Court's order.  (*Id.*, PageID #1153-54.)  No objections were filed.

## ANALYSIS

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* LR 72.2.  When reviewing a report and

3

recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.").

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Importantly, the Court is not obligated to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it.

Here, the report and recommendation was filed on July 7, 2026.  (ECF No. 15.) Neither party objected to the Magistrate Judge's report and recommendation by the deadline.  Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver."  *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v.*

4

*Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Subsequently, the Sixth Circuit clarified this rule:  failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.").  This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same.").  This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed, and the parties' right to object is now forfeited.  Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation.  Indeed, before a State prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he

must first exhaust his state court remedies by fairly presenting all his constitutional claims to the State's highest court. *See* 28 U.S.C. §§ 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the Ohio Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

Fairly presenting claims to the State courts means raising them at the first available opportunity. *Rust v. Zent*, 17 F.3d 155, 160–61 (6th Cir. 1994). A habeas petitioner bears the burden of demonstrating he has properly and fully exhausted his available State-court remedies with respect to the claims he seeks to present for federal habeas review. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003); *Rust*, 17 F.3d at 160; *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). Exhausting State claims before proceeding to federal habeas review requires complete exhaustion. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Petitioner's claims were raised before the State courts and presented to the Ohio Supreme Court on direct appeal. However, the substance of his second claim

6

remains pending before the Ohio Court of Appeals as he seeks collateral review. Therefore, it remains at present unexhausted.  As the Magistrate Judge notes, any determination in his State court case will affect his federal claim and must precede it.  (ECF No. 15, PageID #1150.)  For these reasons, the Court adopts the Magistrate's finding that this is a mixed petition presenting an unexhausted claim.

These circumstances present an appropriate circumstance for staying and abeying federal habeas proceedings to allow the State courts to adjudicate Petitioner's post-conviction petition.  *See Williams v. Chapman,* No. 23-cv-11024, 2023 WL 5486105, at *2 (E.D. Mich. Aug. 23, 2023); *Stegall v. Rapelje,* No. 12-cv-12415, 2012 WL 4009174, at *2 (E.D. Mich. Sep. 12, 2012).  Good causes for a stay exists because Mr. Howard has diligently pursued his rights in the State courts. Additionally, his claims are not plainly meritless.  Accordingly, the Court exercises its discretion to stay this case and hold the habeas petition in abeyance to allow Petitioner to exhaust his claims in the State courts.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** the report and recommendation (ECF No. 15), **STAYS** this matter and **HOLDS** it **IN ABEYANCE** pending exhaustion of the claims asserted in the Ohio State courts.  The Court **ORDERS** Petitioner to notify it promptly upon the conclusion of the State court

proceedings. Failure to do so may result in dismissal of this action for failure to prosecute.

**SO ORDERED**.

Dated: July 29, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

8